Dear Mr. Harroun,
You have asked the opinion of this office whether the books and accounts of the New Orleans Home for the Incurables are public records subject to your examination under the Public Records Act, L.R.S. 44:1 et seq.
L.R.S. 44:31 provides that, except as otherwise provided by law, "any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record." L.R.S. 44:1 provides general definitions with regard to public records. L.R.S. 44:1(A)(2) defines "public records" as
 "All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law."
L.R.S. 44:1(A)(1) defines a "public body":
 "As used in this Chapter, the phrase `public body' means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function."
Using the guidelines set forth in these statutes, the inquiry which must be made is whether the New Orleans Home for Incurables, a nonprofit corporation, qualifies as a "public body" with the meaning of the Public Records Act.
As drawn from information contained in the memorandum to you from Senior Investigative Auditor Ernest K. Levy, and from a conversation with Mr. Levy, the following points are relevant to the issues at hand:
* The New Orleans Home and Rehabilitation Center located at 612 Henry Clay Avenue in New Orleans was purchased from the nonprofit corporation (New Orleans Home for Incurables) by the State of Louisiana in 1979 at a cost of approximately $9,000,000.
* All employees of this state owned facility are classified full-time state employees; 100% of their salaries are state funds.
* Administrators and assistant administrators are state employees.
* The New Orleans Home for Incurables is a nonprofit corporation, all funds of which are designated for maintenance and support of the New Orleans Home and Rehabilitation Center; there is no other purpose to which the funds of the nonprofit corporation are put.
* The Home for Incurables receives no state funds; the funds it disburses are derived from private donations. However, records of these funds are kept by the state employees of the facility.
* The domicile of the Home for Incurables and the post office address of its registered office is 612 Henry Clay Avenue in New Orleans (the same address as the New Orleans Home and Rehabilitation Center).
* The Board of Directors of the Home for Incurables generally holds its meetings at the facility in the Conference Room. No rent is charged to the Board by the Rehabilitation Center for this use of the Conference Room.
* During 1988, 1989, 1990, and 1991, the Home for Incurables spent approximately $300,000 on renovations of the facility. At the same time state funds were disbursed for renovations of the facility (which were not matching funds of any kind but rather a matter of budgetary considerations).
Clearly the New Orleans Home and Rehabilitation Center is itself a public body. The facility has been state-owned and operated since 1979. All the employees and administrators are State employees. The facility is supported in part by funds from the Welfare Department of the State of Louisiana.
The more difficult issue is whether the nonprofit corporation, the Home for Incurables, qualifies as a "public body" within the meaning of the Public Records Act, more specifically as a "quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function." For the reasons following, we find that this nonprofit corporation is a "public body", and that the records of its disbursements to the New Orleans Home and Rehabilitation Center for renovation and maintenance of the state-owned facility are subject to the provisions of L.R.S. 44:1 et. seq.
In State of Louisiana v. Nicholls College Foundation, 564 So.2d 682
(La. 1990), our supreme court determined that the Nicholls State University Alumni Federation was a "public body" for purposes of the Public Records Act. The Federation is a nonprofit corporation enjoying a close affiliation with Nicholls State University. The Federation resides on campus in a public building, for which it pays only nominal rent. State Civil Service employees run the office. The Federation's "Alumni Office" appears as a line-item in the University's budget, through which the Alumni Federation's employees are paid.
As stated in its Articles of Incorporation, the Federation's purpose, among other things, is to "promote, stimulate, and improve the cultural, moral, and material welfare of Nicholls State College." The court states that the University "was created for the purpose of providing public education [and this is] a governmental function." Id. at 687. The duties the federation performs in promoting the educational purposes of Nicholls State University were deemed functions that "no doubt, emulate functions also the responsibility of and/or performed by Nicholls State." The court concludes that, because of the close relationship with Nicholls State University, the Federation is a "quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function", and therefore is a "public body" for the purposes of L.R.S. 44:1 et seq.
This same close relationship exists between the Home for Incurables and the state-owned Home and Rehabilitation Center. Although this nonprofit corporation does not have permanent office space at the Rehabilitation Center, it does regularly conduct board of directors' meetings in the facilities without payment of any rent. Further, the corporate charter provides that the domicile and mailing address of the Home for Incurables is that of the State facility. The recordkeeping of this nonprofit corporation is done by employees of the State facility, who are full-time civil service.
This qualifies the Home for Incurables as "quasi-public". And like the Nicholls Alumni Federation, it is "designated as an entity to perform a governmental . . . function" in that it provides financial support for the State-owned Home and Rehabilitation Center. In fact, this is the nonprofit corporation's sole designated purpose, to which all its funds are applied. That the sole purpose of this nonprofit corporation is the financial support of this one state-owned facility, and that this nonprofit corporation qualifies as "quasi-public", distinguish it from those organizations and foundations which neither qualify as "quasi-public" nor contribute to only one facility or program.
Funding this state-owned and state-run facility is clearly a "governmental function". The issue of state funds going to the Rehabilitation Center, and the potential duplication of payments from the nonprofit corporation, is what prompted your request.
For the stated reasons, the New Orleans Home for Incurables is a "quasi-public non profit corporation", the disbursement records of which are open for inspection under the Public Records Act.
We hope this has answered your request. If you have any further inquiry, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD/cdw-0300z